UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Crystal Bolduc**, <br><br> Plaintiff, <br><br> v. <br><br> **Amazon.com Inc.**, <br><br> Defendant. | Case No. 4:22-cv-615 |

## CLASS-ACTION COMPLAINT

Amazon.com enters into contracts with "delivery service partners" to bring packages to its patrons. It also engages it patently unlawful racial discrimination by providing a $10,000 bonus to "Black, Latinx, and Native American entrepreneurs" who act as its delivery service partners, while withholding this stipend from Asian-Americans and whites who deliver Amazon packages. Plaintiff Crystal Bolduc brings suit to enjoin Amazon.com from continuing these racially discriminatory practices, and to recover classwide damages on behalf of everyone who has suffered unlawful racial discrimination on account of this program.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Crystal Bolduc is a citizen of Texas who resides in Denton County.

4. Defendant Amazon.com Inc. is a corporation organized under the laws of Delaware. It may be served at 410 Terry Avenue North, Seattle, Washington 98109.

## STATEMENT OF FACTS

5. Amazon.com Inc. (Amazon) delivers packages to its patrons by entering into contracts with "delivery service partners."

6. Amazon allows individuals who wish to become delivery service partners to apply through its website. *See* https://logistics.amazon.com (last visited on July 20, 2022). A copy of this webpage is attached to the complaint as Exhibit 1.

7. Amazon discriminates against whites and Asian-Americans, and in favor of black, Latino, and Native Americans, who wish to become delivery service partners. On its website, under the heading "Commitment to Diversity," Amazon says:

> We're proud to announce a Diversity Grant to help reduce the barriers to entry for Black, Latinx, and Native American entrepreneurs—a $1 million commitment toward funding startup costs, offering $10,000 for each qualified candidate to build their own businesses in the U.S. With the launch of this grant program, we're investing in building a future for diverse business owners to serve their communities. If interested, please complete the diversity questions in the Financial Details section of the Application.

Exhibit 1.

8. This means that businesses owned by blacks, Latinos, or Native Americans receive a $10,000 stipend from Amazon to become delivery service partners, while whites and Asian-Americans who wish to become delivery service partners receive no such stipend and must foot the entire bill for their startup costs.

9. This is not the only instance of unlawful racial discrimination at Amazon. Amazon has also been operating a "Black Business Accelerator" program since June of 2021.

10. Amazon claims that this program is "dedicated to helping build sustainable diversity and provide growth opportunities for Black-owned businesses." Exhibit 2.

11. Amazon uses this program to engage in unlawful racial discrimination against non-black owned business and in favor of black-owned businesses that sell products through Amazon.

12. For example, Amazon uses this program to give black-owned businesses a "$500 credit to assist with start-up and operational costs for eligible newly-launched sellers." Exhibit 2. Non-black-owned businesses are ineligible for this credit.

13. Amazon also uses this program to give black-owned businesses "[a]dvertising credits to increase exposure" for their businesses. Exhibit 2. Non-black-owned businesses are ineligible for these advertising credits.

14. Amazon uses this program to give black-owned businesses "FREE imaging services for up to 50 products to help showcase [their] products." Exhibit 2. Non-black-owned businesses are ineligible for these free imaging services.

15. And Amazon uses this program to provide black-owned businesses with "cash grant opportunities for select sellers." Exhibit 2. Non-black-owned businesses are ineligible for these cash grant opportunities.

16. Amazon also uses this program to provide "business education, coaching, and mentorship," as well as "marketing and promotional support," to black-owned businesses that it refuses to provide non-black-owned businesses.

17. Details of this racially discriminatory program can be found on Amazon's website at: https://sell.amazon.com/programs/black-business-accelerator (last visited July 20, 2022).

## FACTS RELATED TO STANDING

18. Plaintiff Crystal Bolduc wishes to become an Amazon delivery service partner, and she is "able and ready to apply." *See Carney v. Adams*, 141 S. Ct. 493, 499–500 (2020); *Gratz v. Bollinger*, 539 U.S. 244, 261 (2003).

19. Ms. Bolduc, however, is white, and she is therefore ineligible for the $10,000 stipend that Amazon awards to black, Latino, and Native Americans to offset their startup costs.

20. Ms. Bolduc is suffering injury in fact because she cannot apply to become an Amazon delivery service partner without subjecting herself to racial discrimination.

21. Ms. Bolduc will not apply to become an Amazon delivery service partner until Amazon eliminates this racially discriminatory policy, either by extending its $10,000 benefit to whites and Asians or curtailing or eliminating the benefit entirely.

22. Ms. Bolduc's injuries are traceable to Amazon and its racially discriminatory policies, and they will be redressed by the damages and prospective relief sought in this lawsuit.

23. Ms. Bolduc seeks to represent a class of all past and future applicants to Amazon's "delivery service partners" program who have been subjected to racial discrimination.

## CAUSE OF ACTION

24. 42 U.S.C. § 1981 prohibits Amazon from engaging in racial discrimination in the making and enforcement of contracts.

25. Amazon is violating 42 U.S.C. § 1981 by awarding $10,000 to its black, Latino, and Native American contractors, while withholding this benefit from its white and Asian contractors.

26. 42 U.S.C. § 1981 provides Ms. Bolduc with a private right of action to sue for both damages and prospective relief. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975).

## DEMAND FOR RELIEF

27. Ms. Bolduc respectfully requests that the court:

    a.    certify the class described in paragraph 23;

    b.    declare that Amazon is violating 42 U.S.C. § 1981 by excluding whites and Asian-Americans from the $10,000 stipend that it provides to the black, Latino, and Native American contractors in its delivery-service-partners program;

    c.    enjoin Amazon from discriminating against or giving preferential treatment to any person or entity on account of race;

    d.    award costs and attorneys' fees;

    e.    award all other relief that the Court deems just, proper, or equitable.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| Adam K. Mortara* <br> Illinois Bar No. 6282005 <br> Lawfair LLC <br> 125 South Wacker Drive, Suite 300 <br> Chicago, Illinois 60606 <br> (773) 750-7154 <br> adam@mortaralaw.com <br><br> Gene P. Hamilton* <br> Virginia Bar No. 80434 <br> Vice-President and General Counsel <br> America First Legal Foundation <br> 300 Independence Avenue SE <br> Washington, DC 20003 <br> (202) 964-3721 <br> gene.hamilton@aflegal.org | Jonathan F. Mitchell <br> *Lead Attorney* <br> Texas Bar No. 24075463 <br> Mitchell Law PLLC <br> 111 Congress Avenue, Suite 400 <br> Austin, Texas 78701 <br> (512) 686-3940 (phone) <br> (512) 686-3941 (fax) <br> jonathan@mitchell.law |

\* *pro hac vice* application pending

Dated: July 20, 2022                                              *Counsel for Plaintiff*