UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Crystal Bolduc**,<br><br>        Plaintiff,<br><br>v.<br><br>**Amazon.com Inc.**,<br><br>        Defendant. | Case No. 4:22-cv-615-ALM |

### FIRST AMENDED CLASS-ACTION COMPLAINT

Amazon.com enters into contracts with "delivery service partners" to bring packages to its patrons. It also engages in patently unlawful racial discrimination by providing a $10,000 bonus to "Black, Latinx, and Native American entrepreneurs" who act as its delivery service partners, while withholding this stipend from Asian-Americans and whites who deliver Amazon packages. Plaintiff Crystal Bolduc brings suit to enjoin Amazon.com from continuing these racially discriminatory practices, and to recover classwide damages on behalf of everyone who has suffered unlawful racial discrimination on account of this program.

### JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

3. The Court has personal jurisdiction over the defendant because Amazon.com's contacts with the state of Texas satisfy the minimum-contacts standard, and Ms. Bolduc's claims against Amazon.com arise out of those contacts.

## PARTIES

4. Plaintiff Crystal Bolduc is a citizen of Texas who resides in Denton County.

5. Defendant Amazon.com Inc. is a corporation organized under the laws of Delaware. It may be served at 410 Terry Avenue North, Seattle, Washington 98109.

## STATEMENT OF FACTS

6. Amazon.com Inc. (Amazon) delivers packages to its patrons by entering into contracts with "delivery service partners."

7. Amazon allows individuals who wish to become delivery service partners to apply through its website. *See* https://logistics.amazon.com (last visited on December 15, 2022). A copy of this webpage is attached to the complaint as Exhibit 1.

8. Amazon discriminates against whites and Asian-Americans, and in favor of black, Latino, and Native Americans, who wish to become delivery service partners. On its website, under the heading "Commitment to Diversity," Amazon says:

> We're proud to announce a Diversity Grant to help reduce the barriers to entry for Black, Latinx, and Native American entrepreneurs—a $1 million commitment toward funding startup costs, offering $10,000 for each qualified candidate to build their own businesses in the U.S. With the launch of this grant program, we're investing in building a future for diverse business owners to serve their communities. If interested, please complete the diversity questions in the Financial Details section of the Application.

Exhibit 1.

9. This means that businesses owned by blacks, Latinos, or Native Americans receive a $10,000 stipend from Amazon to become delivery service partners, while whites and Asian-Americans who wish to become delivery service partners receive no such stipend and must foot the entire bill for their startup costs.

10. This is not the only instance of unlawful racial discrimination at Amazon. Amazon has also been operating a "Black Business Accelerator" program since June of 2021.

11. Amazon claims that this program is "dedicated to helping build sustainable diversity and provide growth opportunities for Black-owned businesses." Exhibit 2.

12. Amazon uses this program to engage in unlawful racial discrimination against non-black owned business and in favor of black-owned businesses that sell products through Amazon.

13. For example, Amazon uses this program to give black-owned businesses a "$500 credit to assist with start-up and operational costs for eligible newly-launched sellers." Exhibit 2. Non-black-owned businesses are ineligible for this credit.

14. Amazon also uses this program to give black-owned businesses "[a]dvertising credits to increase exposure" for their businesses. Exhibit 2. Non-black-owned businesses are ineligible for these advertising credits.

15. Amazon uses this program to give black-owned businesses "FREE imaging services for up to 50 products to help showcase [their] products." Exhibit 2. Non-black-owned businesses are ineligible for these free imaging services.

16. And Amazon uses this program to provide black-owned businesses with "cash grant opportunities for select sellers." Exhibit 2. Non-black-owned businesses are ineligible for these cash grant opportunities.

17. Amazon also uses this program to provide "business education, coaching, and mentorship," as well as "marketing and promotional support," to black-owned businesses that it refuses to provide non-black-owned businesses.

18. Details of this racially discriminatory program can be found on Amazon's website at: https://sell.amazon.com/programs/black-business-accelerator (last visited December 15, 2022).

## FACTS RELATED TO STANDING

19. Plaintiff Crystal Bolduc wishes to become an Amazon delivery service partner, and she is "able and ready to apply." *See Carney v. Adams*, 141 S. Ct. 493, 499–500 (2020); *Gratz v. Bollinger*, 539 U.S. 244, 261 (2003).

20. Ms. Bolduc is a 44-year-old entrepreneur and has started and owned her own business selling insurance in the past. Over the past five years, however, Ms. Bolduc was battling cancer and lived on disability-insurance payments. She is now fully recovered and eager to re-enter the workforce. Ms. Bolduc is currently enrolled in the vocational rehabilitation center of Texas, which is providing education and training so that Ms. Bolduc can resume her career as an entrepreneur. She is also enrolled at the University of North Texas and will start classes there on January 7, 2023, to obtain the education needed to be successful in her future business.

21. Amazon's delivery service partner program presents an ideal opportunity for Ms. Bolduc to re-start her career as an entrepreneur. Amazon does not require its delivery service partners to hold any credentials or skills other than a high-school diploma. Amazon also offers business coaching and allows its delivery service partners to rent vehicles and needed capital directly from the company. Ms. Bolduc wants to become a delivery service partner so that she can quickly jump-start her new business, and she intends to hire veterans and other people to work as drivers for her business once she becomes a delivery service partner program. The $10,000 stipend that Amazon offers to some (though not all) of its delivery service partners would make the program even more attractive if Amazon did not selectively withhold this stipend from whites and Asians.

22. Because Ms. Bolduc is white, she is ineligible for the $10,000 stipend that Amazon awards to blacks, Latinos, and Native Americans to offset their startup costs.

23. Ms. Bolduc is suffering injury in fact because she cannot apply to become or become an Amazon delivery service partner without subjecting herself to racial discrimination.

24. Ms. Bolduc will not apply to become an Amazon delivery service partner until Amazon eliminates this racially discriminatory policy, either by extending its $10,000 benefit to whites and Asians or curtailing or eliminating the benefit entirely. Ms. Bolduc, however, is prepared to apply immediately to become an Amazon delivery service partner and will apply if and when Amazon permanently revokes its racially discriminatory policies.

25. Ms. Bolduc's injuries are traceable to Amazon and its racially discriminatory policies, and they will be redressed by the damages and prospective relief sought in this lawsuit.

## CLASS-ACTION ALLEGATIONS

26. Ms. Bolduc seeks to represent a class that consists of: (1) all white and Asian individuals who stand "able and ready to apply" to Amazon's "delivery service partners" program; (2) all white and Asian individuals who will apply to or participate in Amazon's "delivery service partners" program in the future, and who will be subjected to racial discrimination from Amazon absent relief from this Court; and (3) all current white and Asian participants in Amazon's "delivery service partners" program who are being subjected to racial discrimination by Amazon.

27. Ms. Bolduc brings this class action under Rule 23(b)(2) and Rule 23(b)(3) of the federal rules of civil procedure.

28. The number of members in the class makes joinder of the individual class members impractical.

29.  There are questions of law common to the class, such as whether the racially discriminatory stipend that Amazon offers only to blacks, Latinos, and Native Americans violates federal civil-rights laws, including 42 U.S.C. § 1981.

30.  Ms. Bolduc's claims are typical of other members of the class, as each of the class members wishes to be free from racial discrimination when participating as an Amazon delivery service partner.

31.  Ms. Bolduc adequately represents the interests of the class, and she has no interests antagonistic to the class.

32.  A class action is appropriate under Rule 23(b)(2) because the defendants are acting on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

33.  A class action is also appropriate under Rule 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CAUSE OF ACTION

34.  42 U.S.C. § 1981 prohibits Amazon from engaging in racial discrimination in the making and enforcement of contracts.

35.  Amazon is violating 42 U.S.C. § 1981 by awarding $10,000 to its black, Latino, and Native American contractors, while withholding this benefit from its white and Asian contractors.

36.  42 U.S.C. § 1981 provides Ms. Bolduc with a private right of action to sue for both damages and prospective relief. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975).

## DEMAND FOR RELIEF

37.  Ms. Bolduc respectfully requests that the court:

  a. certify the class described in paragraph 26;

  b. declare that Amazon is violating 42 U.S.C. § 1981 by excluding whites and Asian-Americans from the $10,000 stipend that it provides to the black, Latino, and Native American contractors in its delivery-service-partners program;

  c. enjoin Amazon from discriminating against or giving preferential treatment to any person or entity on account of race;

  d. award nominal and compensatory damages to Ms. Bolduc and the class;

  e. award costs and attorneys' fees;

  f. award all other relief that the Court deems just, proper, or equitable.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| Adam K. Mortara* | Jonathan F. Mitchell |
| Illinois Bar No. 6282005 | *Lead Attorney* |
| Lawfair LLC | Texas Bar No. 24075463 |
| 125 South Wacker Drive, Suite 300 | Mitchell Law PLLC |
| Chicago, Illinois 60606 | 111 Congress Avenue, Suite 400 |
| (773) 750-7154 | Austin, Texas 78701 |
| adam@mortaralaw.com | (512) 686-3940 (phone) |
| | (512) 686-3941 (fax) |
| Gene P. Hamilton* | jonathan@mitchell.law |
| Virginia Bar No. 80434 | |
| Vice-President and General Counsel | |
| America First Legal Foundation | |
| 300 Independence Avenue SE | |
| Washington, DC 20003 | |
| (202) 964-3721 | |
| gene.hamilton@aflegal.org | |

* admitted *pro hac vice*

Dated: December 15, 2022        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on December 15, 2022, this document was served through CM/ECF upon:

Angela C. Zambrano
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3405 (phone)
angela.zambrano@sidley.com

Deron R. Dacus
Texas Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)
ddacus@dacusfirm.com

*Counsel for Defendant*

    /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiff*