**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CRYSTAL BOLDUC,<br><br>        Plaintiff,<br><br>  vs.<br><br>AMAZON.COM INC.,<br><br>        Defendant. | Civil Action No. 4:22-cv-615-ALM |

**DEFENDANT AMAZON.COM, INC.'S**
**MOTION TO STRIKE CLASS ALLEGATIONS**

**TABLE OF CONTENTS**

Page

I.      LEGAL STANDARD ................................................................................................. 3

II.     ARGUMENT ............................................................................................................. 4

  A.  The Second and Third Subclasses Must Be Stricken ......................................... 5

      1.    Plaintiff Is Not a Member of the Second and Third Subclasses. ........................ 5

      2.    The Second Subclass Impermissibly Includes People Who Are Unaffected by the
            Challenged Practice and Would Require Individualized Inquiries, Necessarily
            Defeating Any Potential Class Certification. ........................................................ 6

  B.  The First Subclass Is Not Ascertainable, and Neither Plaintiff Nor Any Putative Subclass
      Member Has Standing ............................................................................................... 8

III.    CONCLUSION AND REQUESTED RELIEF ............................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997)................................................................................................3, 5, 6

*Cnty. of Dorchester v. AT&T Corp.*,
    407 F. Supp. 3d 561 (D.S.C. 2019)..........................................................................4

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013).....................................................................................................8

*Conrad v. Gen. Motors Acceptance Corp.*,
    283 F.R.D. 326 (N.D. Tex. 2012).............................................................................9

*DeBremaecker v. Short*,
    433 F.2d 733 (5th Cir. 1970) (per curiam)...............................................................9

*Donelson v. Ameriprise Fin. Servs., Inc.*,
    999 F.3d 1080 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 2675 (May 2, 2022)........................3, 4

*E. Tex. Motor Freight Sys. Inc. v. Rodriguez*,
    431 U.S. 395 (1977)..........................................................................................5, 6, 7, 10

*Earl v. Boeing Co.*,
    53 F.4th 897 (5th Cir. 2022) .....................................................................................10

*Earl v. Boeing Co.*,
    No. 4:19-CV-00507, 2020 WL 759385 (E.D. Tex. Feb. 14, 2020)..........................8

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982)....................................................................................................3

*John v. Nat'l Sec. Fire & Cas. Co.*,
    501 F.3d 443 (5th Cir. 2007) ..............................................................................3, 4, 9

*Machella v. Cardenas*,
    653 F.2d 923 (5th Cir. Unit A 1981) ........................................................................6

*Markey v. La. Citizens Fair Plan*,
    No. 06-5473, 2008 WL 5427708 (E.D. La. Dec. 30, 2008) ..................................3, 4

*Phelps v. Wichita Eagle-Beacon*,
    886 F.2d 1262 (10th Cir. 1989) ................................................................................7

*Pilgrim v. Universal Health Care, LLC*,
  660 F.3d 943 (6th Cir. 2011) ..............................................................................3, 4

*Rosa v. Am. Water Heater Co.*,
  177 F. Supp. 3d 1025 (S.D. Tex. 2016) ..............................................................3, 6

*Simer v. Rios*,
  661 F.2d 655 (7th Cir. 1981) ...................................................................................9

*Simms v. Jones*,
  296 F.R.D. 485 (N.D. Tex. 2013), *aff'd sub nom. Ibe v. Jones*, 836 F.3d 516
  (5th Cir. 2016)............................................................................................................4

*Smart v. Int'l Bhd. of Elec. Workers, Loc. 702*,
  315 F.3d 721 (7th Cir. 2002) ...................................................................................8

*Stirman v. Exxon Corp.*,
  280 F.3d 554 (5th Cir. 2002) ...................................................................................6

*M.D. ex rel. Stukenberg v. Perry*,
  675 F.3d 832 (5th Cir. 2012) ...................................................................................7

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)...............................................................................................5, 8

*Wexler v. AT&T Corp.*,
  323 F.R.D. 128 (E.D.N.Y. 2018) ..............................................................................4

*Wilson v. Zarhadnick*,
  534 F.2d 55 (5th Cir. 1976) .....................................................................................3

## Other Authorities

7B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
  § 1798 (3d ed. 2022) .................................................................................................4

Fed. R. Civ. P. 23 .................................................................................1, 2, 3, 4, 5, 7, 8

Fed. R. Civ. P. 12(b)(6)...............................................................................................3

Fed. R. Civ. P. 12(f) .....................................................................................................3

## DEFENDANT AMAZON.COM, INC.'S MOTION TO STRIKE CLASS ALLEGATIONS[1]

This Court should strike Plaintiff's class allegations as deficient on their face because neither discovery nor more time will allow Plaintiff to remedy the deficiencies.  Though styled as a class action, Plaintiff's First Amended Complaint ("FAC" or "Complaint") fails to satisfy the requirements of Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent three discrete subclasses: (1) "all white and Asian individuals who stand 'able and ready to apply' to Amazon's 'delivery service partners' ["DSP"] program" (the "First Subclass"); (2) "all white and Asian individuals who will apply to or participate in Amazon's [DSP] program in the future, and who will be subjected to racial discrimination from Amazon absent relief from this Court" (the "Second Subclass"); and (3) "all current white and Asian participants in Amazon's [DSP] program who are being subjected to racial discrimination by Amazon" (the "Third Subclass").  FAC ¶ 26.  Plaintiff's class allegations are facially defective in multiple ways, and all three subclasses should be stricken.

To begin, Plaintiff admits that she is not a member of the Second and Third Subclasses and thus such subclasses should be stricken.  She concedes that she is not a DSP owner,[2] has not applied to become a DSP owner, and *will not apply to become a DSP owner in the future* unless Amazon takes certain actions first.  *See id.* ¶¶ 19, 24.  Thus, under today's status quo, Plaintiff is not a present or future applicant or participant in the DSP program.  *Id.* ¶ 26.

Moreover, the Second Subclass fails for an additional reason: it is untethered to the facts alleged in the Complaint and is therefore unsupportable.  Plaintiff nowhere alleges facts

---

[1] This Motion is filed subject to and without waiver of the arguments in Amazon.com, Inc.'s ("Defendant" or "Amazon") Motion to Dismiss that has been filed simultaneously, including that Plaintiff lacks standing.  Furthermore, to the extent Plaintiff seeks to represent unnamed class members who have signed arbitration agreements with any affiliate or subsidiary of Defendant, Defendant does not waive and expressly reserves the right to compel arbitration as to any such individuals.

[2] Plaintiff refers throughout her Complaint to individuals who are, or who become, "delivery service partners."  To be accurate, it is actually *companies* (not individuals) who become delivery service partners, but the individuals who own (or will own) those companies go through the application process on behalf of their companies.

demonstrating that DSP *applicants*, who must meet rigorous eligibility requirements to become DSP *owners*, suffer any discrimination in the DSP application process. She does not, for example, claim that Amazon refuses to accept applicants because of their race or gives priority to applicants because of their race. Instead, she alleges that Amazon discriminates against white and Asian-American DSP owners—that is, those who have successfully satisfied the application process and actually *become* DSP owners—by providing a $10,000 grant to certain subsets of DSP owners based on race. Thus, to the extent that the Second Subclass includes those "who will apply to" the DSP program, it is unsupportable on its face. *Id.*

The First Subclass, for its part, is neither ascertainable nor composed of anyone with Article III standing. The Court has no objective or reliable way to determine which persons across the entire world "stand able and ready to apply" to the DSP program. *Id.* (quotation marks omitted). And as explained in the Motion to Dismiss ("MTD"), Plaintiff's allegation that she is "able and ready to apply" is insufficient to confer standing upon her, not to mention the members of this putative subclass. Neither Plaintiff nor any putative class member who is merely *prepared* to apply has suffered any injury by the provision of a grant to certain DSP owners and therefore no class is appropriate. Plaintiff's lack of standing precludes her from representing even her own interests in this case, let alone acting as a representative for the interests of a class.

Where class allegations are deficient on their face, a district court may strike them at the pleading stage, particularly where neither discovery nor more time will allow the plaintiff to remedy the deficiencies. This is such a case. No amount of discovery or time will change the legal deficiencies inherent in Plaintiff's subclass definitions. If this action is to proceed at all, it must proceed on an individual basis.

# I.   LEGAL STANDARD

Class actions have four threshold requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  *See* Fed. R. Civ. P. 23(a); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  In addition, the action must satisfy one of the class types set forth in Rule 23(b).  *Amchem Prod.*, 521 U.S. at 614.  The plaintiff bears the burden to plead each of these requirements.  *See Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir. 1976); *Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1042 (S.D. Tex. 2016).

Rule 23, which requires evaluation of class issues at "an early practicable time," authorizes a motion to strike class allegations.  Fed. R. Civ. P. 23(c)(1)(A), (d)(1)(D); *see, e.g.*, *Pilgrim v. Universal Health Care, LLC*, 660 F.3d 943, 949–50 (6th Cir. 2011) (upholding grant of Rule 23 motion to strike class allegations); *Markey v. La. Citizens Fair Plan*, No. 06-5473, 2008 WL 5427708, at *1 (E.D. La. Dec. 30, 2008) (granting Rule 23 motion to strike class allegations that were deficient on the face of the pleadings).[3]  As Rule 23 states: "[T]he court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons."  Fed. R. Civ. P. 23(d)(1)(D).

The Supreme Court has observed that "sometimes" class certification issues "are plain enough from the pleadings."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982), *cited in Rosa*, 177 F. Supp. 3d at 1042–43 (granting motion to strike class allegations where it was apparent

---

[3] Although some courts have evaluated motions to strike class allegations as arising under Rule 12(f), the prevailing view, and that adopted by courts within the Fifth Circuit, is that such motions should be evaluated as arising under Rule 23 itself or Rule 12(b)(6).  *Compare Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021) (applying Rule 12(f) standard and concluding that motion to strike class allegations should have been granted), *cert. denied*, 142 S. Ct. 2675 (May 2, 2022), *with John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (applying Rule 12(b)(6) standard to affirm grant of motion to dismiss class allegations), *Rosa*, 177 F. Supp. 3d at 1042–43 (applying Rule 12(b)(6) standard to grant motion to strike class allegations), *and Markey*, 2008 WL 5427708, at *1 (applying Rule 23 standard to grant motion to strike class allegations).  Regardless of the specific rule, courts apply the same standard, analyzing whether it is facially apparent from the pleadings that the Rule 23 class action requirements are not met.  *See Donelson*, 999 F.3d at 1092 (Rule 12(f)); *Rosa*, 177 F. Supp. 3d at 1042 (Rule 12(b)(6)); *Markey*, 2008 WL 5427708, at *2 (Rule 23).

from face of pleading that putative class was unsupportable).  "[F]or an action to go forward under Rule 23, the pleader must set forth sufficient allegations to show that the four requirements set forth in subdivision (a) are satisfied and that the action falls within one of the three categories described in subdivision (b)."  7B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1798 (3d ed. 2022).  "There must," in other words, "be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled."  *John*, 501 F.3d at 445 n.4 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)).

In the Fifth Circuit as elsewhere, a district court may "dismiss the class allegation on the pleadings" anytime it is "facially apparent" that the Rule 23 requirements are not met.  *Id.* at 445 & n.4; *see also Pilgrim*, 660 F.3d at 949 (holding that district court could grant a motion to strike class allegations based on pleadings alone without discovery); *Donelson*, 999 F.3d at 1092 ("It is sensible to permit class allegations to be stricken at the pleading stage if it is apparent from the pleadings that the class cannot be certified . . . ." (cleaned up)).  To put it differently, when neither "discovery" nor "more time" will allow the plaintiff to fix the problems with class treatment, the court may resolve the class issues on the pleadings alone.  *Pilgrim*, 660 F.3d at 949.[4]

## II.    ARGUMENT

Importantly, each of Plaintiff's three subclasses here must independently meet the requirements of Rule 23.  *See Simms v. Jones*, 296 F.R.D. 485, 499 (N.D. Tex. 2013), *aff'd sub nom. Ibe v. Jones*, 836 F.3d 516 (5th Cir. 2016).  None of them do.  Plaintiff does not even belong to the Second and Third Subclasses and thus cannot operate as a class representative for such

---

[4] *See also Markey*, 2008 WL 5427708, at *2 (granting motion to strike because there was no "discovery that would be necessary or helpful to the certification decision" (internal quotation marks omitted)); *Cnty. of Dorchester v. AT&T Corp.*, 407 F. Supp. 3d 561, 565–66 (D.S.C. 2019) ("A court may grant a motion to strike class allegations where the pleading makes clear that the purported class cannot be certified and no amount of discovery would change that determination." (internal quotation marks omitted)); *Wexler v. AT&T Corp.*, 323 F.R.D. 128, 129 (E.D.N.Y. 2018) (concluding that "the lack of discovery [was] not a cause for concern" where the undisputed facts showed that class action requirements were not met).

classes.  And the First Subclass is neither ascertainable nor composed of anyone with standing. For these reasons, the Court should strike Plaintiff's class allegations.

## A.       The Second and Third Subclasses Must Be Stricken.

### 1.       Plaintiff Is Not a Member of the Second and Third Subclasses.

Class representatives must be capable of "fairly and adequately protect[ing] the interests of the class" and must have claims that "are typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3), (4).  To satisfy these threshold requirements, "[a] class representative must" both "be part of the class" and also "possess the same interest and suffer the same injury as the class members." *Amchem Prod.*, 521 U.S. at 625–26 (internal quotation marks omitted); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (explaining that "the class claims" must be "fairly encompassed by the named plaintiff's claims" (internal quotation marks omitted)).  Here, neither of these requirements is met for the Second and Third Subclasses.

Plaintiff is not a member of the Second or Third Subclasses.  She wishes to represent those "who will apply to or participate in" the DSP program, as well the program's "current . . . participants."  FAC ¶ 26.  Yet she has not herself applied to become a DSP owner and even represents that she "***will not apply***" to become a DSP owner "until Amazon eliminates" the $10,000 grant or "extend[s]" it "to whites and Asians" as well.  *Id.* ¶¶ 19, 24 (emphasis added). Plaintiff is therefore a stranger to a class of current and future *applicants* or *participants* in the DSP program.  *See E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (rejecting class certification where representatives "were not members of the class of discriminatees they purported to represent").  Because Plaintiff's Complaint admits the facts that exclude her from the proposed Second and Third Subclasses, no amount of discovery is going to remedy the deficiency.

For identical reasons, Plaintiff has not suffered "the same [alleged] injury as the class members." *Amchem Prod.*, 521 U.S. at 626 (internal quotation marks omitted).  In fact, Plaintiff has not suffered any injury at all because, as shown on the face of her pleadings, she is not a current DSP owner, has not applied (and will not apply unless the internal policy at issue is changed) to become a DSP owner, and has not been injured in any way.  *See* MTD at § I.B.; *E. Tex. Motor Freight Sys.*, 431 U.S. at 403–04 (rejecting sufficiency of class representatives who lacked qualifications to be hired and so were uninjured by challenged discriminatory practices).

Plaintiff cannot fairly and adequately represent a class to which she does not belong.  *See id.*  It follows "a fortiori" that her claims are "not typical of" the class members' claims. *Machella v. Cardenas*, 653 F.2d 923, 926 (5th Cir. Unit A 1981); *see also Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (explaining that "the critical inquiry" for typicality "is whether the class representative's claims have the same essential characteristics of those of the putative class" (internal quotation marks omitted)).  For these reasons, the Court should, at minimum, strike the Second and Third subclasses.  *See Rosa*, 177 F. Supp. 3d at 1052–53 (granting motion to strike national class and portions of subclass).

2.   **The Second Subclass Impermissibly Includes People Who Are Unaffected by the Challenged Practice and Would Require Individualized Inquiries, Necessarily Defeating Any Potential Class Certification.**

Plaintiff is not only a stranger to the Second Subclass, but the subclass is also unsupportable on its face.  Plaintiff's core allegation in this case is that Amazon discriminates against Asian-American and white DSP owners by providing a $10,000 "bonus" to Black, Latinx, and Native American DSP owners.  FAC at 1.  Importantly, the Complaint does not allege facts that would demonstrate any discrimination by Amazon in the DSP ***application process***, a process that is lengthy, competitive, and highly selective, with successful applicants needing to satisfy several

threshold eligibility requirements before being selected as DSP owners.  *See* MTD at 4-7.[5]  The alleged discrimination—the dissemination of a diversity grant—occurs if, and only if, an applicant actually successfully becomes a DSP.  For that reason, it is illogical to define the subclass to include "all white and Asian individuals who will ***apply to*** or participate in" the DSP program. FAC ¶ 26 (emphasis added).  Applicants, after all, do not suffer any discrimination in the application process.

Indeed, there are numerous applicants to the DSP program whose applications were or would be denied on the merits (*e.g.*, because they lack sufficient experience with recruiting, hiring, and onboarding employees) or who did or may voluntarily withdraw for reasons unrelated to the grant program (*e.g.*, because they decide to pursue an alternative business).  Such applicants would be entirely unaffected by the injunctive relief Plaintiff requests because they have never been in a position to be affected by the diversity grant, and their applications failed or will fail to progress for reasons unrelated to the challenged practice.  *See M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 846 (5th Cir. 2012) ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment *would provide relief to each member of the class*." (emphasis added) (quoting *Wal-Mart*, 564 U.S. at 360)).

For similar reasons, such putative class members would not be able to prove the causation element of a Section 1981 claim, much less demonstrate an entitlement to damages for the requested Rule 23(b)(3) class.  *See, e.g.*, *E. Tex. Motor Freight Sys.*, 431 U.S. at 403–04 & n.9 (applicants who lack qualifications to be hired suffer no injury as a result of discriminatory hiring practices); *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989) ("merely

---

[5] As Amazon's Motion to Dismiss explains, the application process and requirements are detailed in FAQs on Amazon's website, which are incorporated into Plaintiff's Complaint and thus are subject to judicial notice.  *See* MTD at 4-9 & n.3.

alleg[ing] *possible* loss of *future* opportunities" to enter into a contract is not enough to show injury (emphasis in original)); *Smart v. Int'l Bhd. of Elec. Workers, Loc. 702*, 315 F.3d 721, 726 (7th Cir. 2002) (rejecting Section 1981 claim when plaintiff "point[ed] to no contract that he bid on and failed to obtain because of racial animus").  And the individualized inquiries necessary to establish causation and/or damages as to any given class member would necessarily preclude class certification.  *See Wal-Mart*, 564 U.S. at 367 (explaining that "a class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims"); *see also Comcast Corp. v. Behrend,* 569 U.S. 27, 34–38 (2013) (explaining the "demanding" nature of Rule 23(b)(3)'s predominance requirement and reversing class certification where plaintiffs sought recovery untethered to challenged conduct).[6]

## B.  The First Subclass Is Not Ascertainable, and Neither Plaintiff Nor Any Putative Subclass Member Has Standing.

Even assuming that Plaintiff is a member of the *First* Subclass,[7] which consists of those who are "able and ready to apply" to the DSP program, it fails for independent reasons:  It is not ascertainable, and no one in that subclass has standing.[8]  FAC ¶ 26.

---

[6] For the reasons set forth in the Motion to Dismiss and elsewhere, the Court should find that mere **applicants** to the DSP program lack standing under any circumstance because they categorically are unaffected by a program applicable only to DSP owners.  *See* MTD at § I.B.  But even if there were some situation in which an applicant could claim injury, it would require individualized inquiries to determine whether, for any given applicant, the application was in fact denied on the merits or for some other reason unrelated to the challenged practice.

[7] Amazon does not concede this point.  As explained in the Motion to Dismiss, Plaintiff has not adequately alleged that she is able and ready to apply, nor is pleading this conclusory language sufficient to confer standing.  *See* MTD at § I.B.

[8] Because of the key legal deficiencies that arise on the face of Plaintiff's class allegations, such as lack of ascertainability and membership in the various subclasses, this case bears no resemblance to those in which this Court has held that the class issues were "better addressed at the certification stage."  *Earl v. Boeing Co.*, No. 4:19-CV-00507, 2020 WL 759385, at *14 (E.D. Tex. Feb. 14, 2020) (Mazzant, J.).  In *Earl*, the defendant did not argue that the plaintiffs were strangers to the putative class or that the class was unascertainable, whereas here, these legal deficiencies arise on the face of the Complaint and follow necessarily from the class definitions.  *See Earl*, No. 4:19-CV-00507, ECF No. 19, at 29–33 (filed on Sept. 13, 2019).  Thus, *Earl* and similar cases are distinguishable, and the Court should strike Plaintiff's class allegations now, before discovery.

"Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John*, 501 F.3d at 445.  This means that there must be "objective criteria" by which the court can "ascertain[]" who the class members are. *Conrad v. Gen. Motors Acceptance Corp.*, 283 F.R.D. 326, 328 (N.D. Tex. 2012). In particular, courts "have recognized the difficulty of identifying class members whose membership in the class depends on each individual's state of mind." *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981).

In *Chaffee v. Johnson*, for example, the court rejected as "vague and indefinite" a class defined as "all persons who are workers for the end of discrimination and segregation in Mississippi, for the encouragement of the exercise by [Blacks] in Mississippi of their right to vote and to register to vote, and for the exercise and preservation of civil rights generally in Mississippi." 229 F. Supp. 445, 448 (S.D. Miss. 1964), *aff'd*, 352 F.2d 514 (5th Cir. 1965).  The court found that this was "not a proper class action" because "the purported class depend[ed] upon the state of mind of a particular individual, rendering it difficult, if not impossible, to determine whether any given individual [was] within or without the alleged class." *Id.*; *cf. DeBremaecker v. Short*, 433 F.2d 733, 734–35 (5th Cir. 1970) (per curiam) (rejecting injunctive-relief class defined as "residents of this State active in the 'peace movement'" as being unascertainable and ill-defined).

The same is true here.  Determining which "white and Asian individuals . . . stand 'able and ready to apply'" would require probing a state of mind.  FAC ¶ 26.  There are simply no "objective criteria" to guide the Court in such an inquiry. *Conrad*, 283 F.R.D. at 328.  For these reasons, the First Subclass is not ascertainable.

Moreover, even if the First Subclass were somehow ascertainable, no one in it has standing. As explained in the Motion to Dismiss, Plaintiff's allegation that she is "able and ready to apply" is insufficient to confer standing for her individual claim. *See* MTD at § I.B.  After all, the diversity grant, which is provided only to DSP *owners*, does not in any way injure those who merely stand "able and ready to apply," and Plaintiff nowhere alleges that she or any class member would have the requisite qualifications to become a DSP even if they *were* to apply.  *See E. Tex. Motor Freight Sys.*, 431 U.S. at 403–04 (rejecting sufficiency of class representatives who "could have suffered no injury as a result of the alleged discriminatory practices" because they "lacked the qualifications to be hired as line drivers" and were "therefore simply not eligible to represent a class of persons who *did* allegedly suffer injury" (emphasis added)).  A case cannot proceed at all, let alone can a class be certified, when the named plaintiff and the entire class lacks standing.  *See Earl v. Boeing Co.*, 53 F.4th 897, 899–900 (5th Cir. 2022) (dismissing case where "plaintiffs [did] not plausibly allege[] that any class member suffered either physical or economic injury" to possess "Article III standing").  The First Subclass must therefore be stricken. [9]

### III.   CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Amazon respectfully requests that the Court strike Plaintiff's class allegations from the Complaint, *see* FAC ¶¶ 26–33, and require that this case proceed, if at all, only on an individual basis.  Amazon further respectfully requests any other relief to which it is justly entitled.

---

[9] Even if the First Subclass somehow did have Article III standing, the issues of causation and damages would raise individualized inquiries precluding class certification, for the reasons explained above in Section A.2.

Dated: January 31, 2023

Respectfully Submitted,

/s/ Angela C. Zambrano
Angela C. Zambrano, *Lead Attorney*
Texas Bar No. 24003157
angela.zambrano@sidley.com
Margaret Hope Allen
Texas Bar No. 24045397
margaret.allen@sidley.com
Natali Wyson
Texas Bar No. 24088689
nwyson@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:   (214) 981-3400


David R. Carpenter
(*pro hac vice forthcoming*)
drcarpenter@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:   (213) 896-6600

/s/ Deron R. Dacus
Deron R. Dacus
Texas Bar No. 00790553
ddacus@dacusfirm.com
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone/Fax: (903) 705-1117

*Attorneys for Defendant Amazon.com, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2023, I electronically filed the above Motion to Strike Class Allegations with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.


*/s/ Natali Wyson*
Natali Wyson

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h)-(i), counsel for Defendant reached out to Plaintiff's counsel on November 8, 2022 to initiate a meet and confer regarding the substance of this Motion. Counsel for both Parties (Natali Wyson, Margaret Allen (in part), and David Carpenter on behalf of Defendant Amazon.com, Inc., and Jonathan Mitchell and Gene Hamilton (in part) on behalf of Plaintiff Crystal Bolduc) conferred on multiple occasions via email and phone regarding the substance of this Motion, during which all Parties had the opportunity to express their respective views concerning the disputes.  The Parties could not reach an agreement as to the issues set forth in this Motion due to differing views regarding the requirements of Federal Rule of Civil Procedure 23; these issues are those over which the Parties have conclusively reached an impasse and are ripe for this Court's determination.  Counsel has complied with the meet and confer requirement in Local Rule CV-7(h).  The Motion is opposed.

*/s/ Natali Wyson*
Natali Wyson
