**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CRYSTAL BOLDUC, <br><br>               Plaintiff, <br><br>     vs. <br><br> AMAZON.COM INC., <br><br>            Defendant. | Civil Action No. 4:22-cv-615-ALM |

## <u>DEFENDANT AMAZON.COM, INC.'S</u>
## <u>MOTION TO STRIKE CLASS ALLEGATIONS</u>

# TABLE OF CONTENTS

Page

I.      BACKGROUND ................................................................................................. 2

II.     LEGAL STANDARD......................................................................................... 3

III.    ARGUMENT ...................................................................................................... 4

   A.   The Class Is Not Ascertainable........................................................................ 5

   B.   The Class Impermissibly Includes People Who Are Unaffected by the Challenged
        Practice and Would Require Individualized Inquiries, Necessarily Defeating Any
        Potential Class Certification. ........................................................................... 7

IV.     CONCLUSION AND REQUESTED RELIEF .............................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron Priv. Clinic Mgmt. LLC v. Berry,*
   912 F.3d 1330 (11th Cir. 2019) ..............................................................7

*Amchem Prod., Inc. v. Windsor,*
   521 U.S. 591 (1997)..................................................................................3

*Carney v. Adams,*
   141 S. Ct. 493 (2020)................................................................................6

*Carroll v. Nakatani,*
   342 F.3d 934 (9th Cir. 2003) ...................................................................7

*Chaffee v. Johnson*, 229 F. Supp. 445 (S.D. Miss. 1964), *aff'd*, 352 F.2d 514 (5th
   Cir. 1965) ..................................................................................................6

*Cnty. of Dorchester v. AT&T Corp.,*
   407 F. Supp. 3d 561 (D.S.C. 2019)..........................................................5

*Comcast Corp. v. Behrend,*
   569 U.S. 27 (2013)................................................................................8, 9

*Conrad v. Gen. Motors Acceptance Corp.,*
   283 F.R.D. 326 (N.D. Tex. 2012) .............................................................5

*DeBremaecker v. Short,*
   433 F.2d 733 (5th Cir. 1970) (per curiam)............................................6, 7

*Donelson v. Ameriprise Fin. Servs., Inc.,*
   999 F.3d 1080 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 2675 (May 2, 2022) ...............4, 5, 10

*E. Tex. Motor Freight Sys. v. Rodriguez,*
   431 U.S. 395 (1977)..................................................................................9

*Ellison v. Am. Bd. of Orthopaedic Surgery,*
   11 F.4th 200 (3rd Cir. 2021) ....................................................................7

*Gen. Tel. Co. of Sw. v. Falcon,*
   457 U.S. 147 (1982)..................................................................................4

*Gratz v. Bollinger,*
   539 U.S. 244 (2003)..................................................................................6

*John v. Nat'l Sec. Fire & Cas. Co.*,
  501 F.3d 443 (5th Cir. 2007) ........................................................4, 5, 7

*Markey v. La. Citizens Fair Plan*,
  No. CIV. A. 06-5473, 2008 WL 5427708 (E.D. La. Dec. 30, 2008)..........................3, 4, 5, 10

*A. A. ex rel. P.A. v. Phillips*,
  No. 21-30580, 2023 WL 334010 (5th Cir. Jan. 20, 2023) (unpublished per
  curiam) ..................................................................5, 6, 7)

*Phelps v. Wichita Eagle-Beacon*,
  886 F.2d 1262 (10th Cir. 1989) ...........................................9

*Pilgrim v. Universal Health Care, LLC*,
  660 F.3d 943 (6th Cir. 2011) ..........................................3, 5, 9

*Rosa v. Am. Water Heater Co.*,
  177 F. Supp. 3d 1025 (S.D. Tex. 2016) ...................................3, 4

*Simer v. Rios*,
  661 F.2d 655 (7th Cir. 1981) ..............................................6

*Smart v. Int'l Bhd. of Elec. Workers, Loc. 702*,
  315 F.3d 721 (7th Cir. 2002) ..............................................9

*M.D. ex rel. Stukenberg v. Perry*,
  675 F.3d 832 (5th Cir. 2012) .............................................10

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)......................................................8, 9

*Wexler v. AT&T Corp.*,
  323 F.R.D. 128 (E.D.N.Y. 2018) ...........................................5

*Wilson v. Zarhadnick*,
  534 F.2d 55 (5th Cir. 1976) ..............................................3

## Other Authorities

7B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
  § 1798 (3d ed. 2022) .....................................................4

Fed. R. Civ. P. 23 ..................................................... *passim*

Fed. R. Civ. P. 12(b)(6)..................................................4

Fed. R. Civ. P. 12(f)....................................................4

## DEFENDANT AMAZON.COM, INC.'S MOTION TO STRIKE CLASS ALLEGATIONS

Though styled as a class action, Plaintiff's Second Amended Complaint ("SAC" or "Complaint") fails to satisfy the requirements of Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent "[a]ll white and Asian individuals who stand 'able and ready to apply' to Amazon's 'delivery service partners' ["DSP"] program, either now or in the future."  SAC ¶ 45. Plaintiff's class allegations are facially defective in multiple ways and should be stricken.

To begin, the class is not ascertainable.  This Court lacks any objective means by which to determine which white and Asian persons are or will be "able and ready to apply" to become a DSP owner.  Indeed, membership in this putative class is determined by reference to each person's state of mind—a quintessential example of an unascertainable, non-certifiable class.

Moreover, it is clear from the face of the Complaint that Plaintiff cannot establish, on a classwide basis, that all applicants or prospective applicants have standing or can demonstrate causation and a right to relief.  As explained in the concurrently filed Motion to Dismiss, Plaintiff's theory of liability is that Amazon has discriminated against certain DSP *owners* by providing a $10,000 bonus to Black, Latinx, and Native American DSP owners; in this context, merely being "able and ready to apply" to the DSP program should not be sufficient to establish Article III standing or state a Section 1981 claim.  Plaintiff tries to overcome that argument through allegations in her Complaint about her own personal qualifications, preparations, and alleged likelihood of passing through the selection process.  Even if those allegations were sufficient for *her* to survive a Motion to Dismiss (and they are not), they merely demonstrate the need for a highly specific, individualized inquiry into each person's facts.

That is, even under Plaintiff's "able and ready to apply" theory, each putative class member would still need to show that he or she (a) meets Amazon's threshold requirements for the DSP program, (b) has taken concrete steps to identify an opening and prepare an application, and (c)

has a non-speculative prospect of passing through the selection process. Putative class members who fail to make that showing would not be able to establish actual or imminent injury (i.e., they are not *actually* able and ready to compete for a position), nor causation and damages under Section 1981 (i.e., they would not be eligible for a grant given to DSP owners, regardless of their race).

Accordingly, it is already clear from the face of the Complaint that common issues will not predominate for Plaintiff's proposed Rule 23(b)(3) damages class. Likewise, Plaintiff cannot certify a Rule 23(b)(2) class when not all putative class members would benefit from the relief.

Where class allegations are deficient on their face, a district court may strike them at the pleading stage, particularly where neither discovery nor more time will allow the plaintiff to remedy the deficiencies. This is such a case. No amount of discovery or time will change the legal deficiencies inherent in Plaintiff's class definition and her inability to establish any right to relief (much less damages) on a classwide basis.

## I.      BACKGROUND

Though Plaintiff's class definition is now confined to those who (allegedly like her) stand "able and ready to apply," it was not always so limited. In the First Amended Complaint, Plaintiff attempted to represent three subclasses: (1) existing DSPs, (2) applicants to become DSPs, and (3) non-applicants who are *ready* to apply to become DSPs. *See* Dkt. 8 at ¶ 26. Amazon's Motion to Dismiss challenged, among other things, Plaintiff's standing because she had not actually alleged facts showing her readiness to apply. *See* Dkt. 10 at 11–14. The Motion to Strike, in turn, pointed out that Plaintiff was not even a member of two of the subclasses, insofar as she was not herself a DSP and stated that she *would not* apply to become one. *See* Dkt. 11 at 5–6. For its part, the third subclass—those who stood "able and ready to apply"—was not ascertainable and lacked standing. *See id.* at 8–10.

Apparently acknowledging that she cannot represent existing DSPs or applicants, Plaintiff has now dropped them from her class definition, leaving only those who are "able and ready to apply."   SAC ¶ 45.  The Second Amended Complaint adds several paragraphs of individualized allegations designed to buttress Plaintiff's claim that she too is ready to apply to become a DSP and would be accepted if she were to apply.  *See id.* ¶¶ 23–38.  For example, she alleges that she has filled out most of the online application and satisfies various eligibility criteria, such as creditworthiness, work experience, and leadership skills.  *See id.*

These allegations, Plaintiff contends, prove that she has standing and can represent a class of individuals who are "able and ready to apply" to become DSPs.  For the reasons set forth below, they do not.

## II.        LEGAL STANDARD

Class actions have four threshold requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  *See* Fed. R. Civ. P. 23(a); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  In addition, the action must satisfy one of the class types set forth in Rule 23(b).  *Amchem Prod.*, 521 U.S. at 614.  The plaintiff bears the burden to plead each of these requirements.  *See Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir. 1976); *Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1042 (S.D. Tex. 2016).

Rule 23, which requires evaluation of class issues at "an early practicable time," authorizes a motion to strike class allegations.  Fed. R. Civ. P. 23(c)(1)(A), (d)(1)(D); *see, e.g.*, *Pilgrim v. Universal Health Care, LLC*, 660 F.3d 943, 949–50 (6th Cir. 2011) (upholding grant of Rule 23 motion to strike class allegations); *Markey v. La. Citizens Fair Plan*, No. CIV. A. 06-5473, 2008 WL 5427708, at *1 (E.D. La. Dec. 30, 2008) (granting Rule 23 motion to strike class allegations

that were deficient on face of pleadings).[1]  As Rule 23 states: "[T]he court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons."  Fed. R. Civ. P. 23(d)(1)(D).

The Supreme Court has observed that "sometimes" class certification issues "are plain enough from the pleadings."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982), *cited in Rosa*, 177 F. Supp. 3d at 1042–43 (granting motion to strike class allegations where it was apparent from face of pleading that putative class was unsupportable).  "[F]or an action to go forward under Rule 23, the pleader must set forth sufficient allegations to show that the four requirements set forth in subdivision (a) are satisfied and that the action falls within one of the three categories described in subdivision (b)."  7B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1798 (3d ed. 2022).  "There must," in other words, "be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled."  *John*, 501 F.3d at 445 n.4 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)).

## III.    ARGUMENT

In the Fifth Circuit as elsewhere, "a district court may dismiss the class allegation on the pleadings" whenever "it is facially apparent from the pleadings that there is no ascertainable

---

[1] Although some courts have evaluated motions to strike class allegations as arising under Rule 12(f), the prevailing view, and the one adopted by courts within the Fifth Circuit, is that such motions should be evaluated as arising under Rule 23 itself or Rule 12(b)(6).  *Compare Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021) (applying Rule 12(f) standard and concluding that motion to strike class allegations should have been granted), *cert. denied*, 142 S. Ct. 2675 (May 2, 2022), *with John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (applying Rule 12(b)(6) standard to affirm grant of motion to dismiss class allegations), *Rosa*, 177 F. Supp. 3d at 1042–43 (applying Rule 12(b)(6) standard to grant motion to strike class allegations), *and Markey*, 2008 WL 5427708, at *1 (applying Rule 23 standard to grant motion to strike class allegations).  Regardless of the specific rule, courts apply the same standard, analyzing whether it is facially apparent from the pleadings that the Rule 23 class action requirements are not met.  *See Donelson*, 999 F.3d at 1092 (Rule 12(f)); *Rosa*, 177 F. Supp. 3d at 1042 (Rule 12(b)(6)); *Markey*, 2008 WL 5427708, at *2 (Rule 23).

class."[2]  To put it differently, when neither "discovery" nor "more time" will allow the plaintiff to fix the problems with class treatment, the court may resolve the class issues on the pleadings alone. *Pilgrim*, 660 F.3d at 949.[3]  That is precisely the case here.  This Court need not look beyond the Complaint itself to determine that the Court lacks any means of figuring out which persons anywhere stand "able and ready to apply" to the DSP program.  SAC ¶ 45.  As if that were not enough, no one in the putative class (including Plaintiff herself) has standing, and Plaintiff's allegations of discrimination bear no relationship to her class definition.  For these reasons, the Court should strike Plaintiff's class allegations.

## A.    The Class Is Not Ascertainable.

"The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23."  *John*, 501 F.3d at 445.  "To be ascertainable, the class must be susceptible to a precise definition to properly identify those entitled to relief, those bound by the judgment, and those entitled to notice."  *A. A. ex rel. P.A. v. Phillips*, No. 21-30580, 2023 WL 334010, at *2 (5th Cir. Jan. 20, 2023) (unpublished per curiam) (internal quotation marks omitted).  There must, in other words, be "objective criteria" by which the court can determine who the class members are.  *Conrad v. Gen.*

---

[2] *John*, 501 F.3d at 445 & n.4; *see also Pilgrim*, 660 F.3d at 949 (holding that district court could grant a motion to strike class allegations based on pleadings alone without discovery); *Donelson*, 999 F.3d at 1092 ("It is sensible to permit class allegations to be stricken at the pleading stage if it is apparent from the pleadings that the class cannot be certified . . . ." (cleaned up)).

[3] *See also Markey*, 2008 WL 5427708, at *2 (granting motion to strike because there was no "discovery that would be necessary or helpful to the certification decision" (internal quotation marks omitted)); *Cnty. of Dorchester v. AT&T Corp.*, 407 F. Supp. 3d 561, 565–66 (D.S.C. 2019) ("A court may grant a motion to strike class allegations where the pleading makes clear that the purported class cannot be certified and no amount of discovery would change that determination." (internal quotation marks omitted)); *Wexler v. AT&T Corp.*, 323 F.R.D. 128, 129 (E.D.N.Y. 2018) (concluding that "the lack of discovery [was] not a cause for concern" where the undisputed facts showed that class action requirements were not met).

*Motors Acceptance Corp.*, 283 F.R.D. 326, 328 (N.D. Tex. 2012).  In particular, courts "have recognized the difficulty of identifying class members whose membership in the class depends on each individual's state of mind."  *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981); *accord Phillips*, 2023 WL 334010, at *2 (noting that "the class should avoid subjective standards," such as "a plaintiff's state of mind").

In *Chaffee v. Johnson*, for example, the court rejected as "vague and indefinite" a class defined as "all persons who are workers for the end of discrimination and segregation in Mississippi, for the encouragement of the exercise by [Blacks] in Mississippi of their right to vote and to register to vote, and for the exercise and preservation of civil rights generally in Mississippi."  229 F. Supp. 445, 448 (S.D. Miss. 1964), *aff'd*, 352 F.2d 514 (5th Cir. 1965).  The court found that this was "not a proper class action" because "the purported class depend[ed] upon the state of mind of a particular individual, rendering it difficult, if not impossible, to determine whether any given individual [was] within or without the alleged class."  *Id.*; *cf. DeBremaecker v. Short*, 433 F.2d 733, 734–35 (5th Cir. 1970) (per curiam) (rejecting class defined as "residents of this State active in the 'peace movement'" as being unascertainable and ill-defined).

The same is true here.  This Court does not have any objective means by which it might determine which white and Asian persons are "able and ready to apply" to Amazon's DSP program.  SAC ¶ 45.  Indeed, as shown in the very cases that Plaintiff cites, whether a person is "able and ready to apply" to a given position is a fact-intensive, particularized question that considers their *intent*, among other facts.  *See Carney v. Adams*, 141 S. Ct. 493, 499–503 (2020) (considering plaintiff's "intentions," among other factors, and concluding, after reviewing wide range of evidence, that he lacked standing); *Gratz v. Bollinger*, 539 U.S. 244, 261–62 (2003) (observing that "it is well established that intent may be relevant" to whether a plaintiff is "able

and ready to apply" and concluding, based on the evidence, that plaintiff had standing); SAC ¶ 20.[4]

Since, as in *Chaffee*, the question requires determining each person's state of mind, the class is not

ascertainable.[5]

**B.     The Class Impermissibly Includes People Who Are Unaffected by the Challenged Practice and Would Require Individualized Inquiries, Necessarily Defeating Any Potential Class Certification.**

The class definition is legally unsupportable in another way too: it is untethered to

Plaintiff's theory of discrimination.  Plaintiff's theory, as explained above, is that Amazon has

discriminated against certain *DSP* owners vis-à-vis other DSP owners.  But the class Plaintiff has

defined is not that of *owners*, but rather those who are able and ready to *apply*.  Plaintiff does not

allege that any discrimination occurs in the ***application process***, a process that is lengthy,

competitive, and highly selective, with successful applicants needing to satisfy several threshold

---

[4] See also other cases extrapolating on the "able and ready" standard: *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 202–03, 207 (3rd Cir. 2021) (observing that "[w]hether a plaintiff is 'able and ready' to pursue a benefit or opportunity turns on the specific facts of the case," including "plaintiff's intent to pursue [the] benefit in the near future"); *Aaron Priv. Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1337 (11th Cir. 2019) (holding that plaintiff did not establish a concrete intent to imminently open a methadone clinic because he had not "select[ed] a clinic location, secur[ed] a lease option, consult[ed] with relevant government officials, appli[ed] for the necessary permits or certifications, or associat[ed] with potential clients"); *Carroll v. Nakatani*, 342 F.3d 934, 942–43 (9th Cir. 2003) (analyzing "the intent" of the plaintiff to determine whether he was able and ready to apply for a loan and determining, after a fact-intensive analysis, that he was not and therefore lacked standing).

[5] Though some courts have held that Rule 23(b)(2) classes need not be ascertainable, the Fifth Circuit has taken a different view for over half a century.  *See DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) (per curiam) (considering it "elementary" that a Rule 23(b)(2) class needed to be "adequately defined and clearly ascertainable" and concluding that "[t]hese requirements were not . . . satisfied").  That only makes sense, given that ascertainability "is an implied prerequisite of Federal Rule of Civil Procedure 23."  *John*, 501 F.3d at 445.  Just a couple months ago, the Fifth Circuit, after citing both *DeBremaecker* and *John*, vacated certification of a (b)(2) class on the ground that it was not ascertainable.  *See A. A. ex rel. P.A. v. Phillips*, No. 21-30580, 2023 WL 334010 (5th Cir. Jan. 20, 2023) (unpublished per curiam).  In short: (b)(2) classes must be ascertainable just like (b)(3) classes (but regardless, Plaintiff here raises both class types).

---

eligibility requirements before being selected as DSP owners.  MTD at 6–7.[6]  It follows that there is no connection between Plaintiff's theory of discrimination and her class definition.  *Cf. Comcast Corp. v. Behrend*, 569 U.S. 27, 35–38 (2013) (reversing class certification and explaining that damages are incapable of measurement on a classwide basis when they are not directly attributable to plaintiff's classwide theory of liability).

To try to avoid this problem (and the arguments presented in Amazon's prior Motion to Dismiss), Plaintiff has added to her Second Amended Complaint allegations *specific to her*, including her prior work history, alleged ability to meet the threshold requirements for the DSP program, preparations she purportedly took for her application, and her self-asserted likelihood to be selected for the program had she pursued the process.  *See* SAC ¶¶ 23–38.  As explained in the concurrently filed Motion to Dismiss, even those allegations are deficient.  But even if one assumes arguendo that Plaintiff could establish standing and a right to relief *on her facts*, the Second Amended Complaint itself reveals how individualized the inquiry is.  There is no possible way to resolve the standing, causation, and damages issues in one fell swoop, through common proof, as to each putative class member.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

For example, even among people who may claim that they are "able and ready to apply," there will be individuals who lack the threshold qualifications to become a DSP owner, or who would fail to be selected on the merits.  Even under an "able and ready to apply" theory of standing (which Amazon disputes), such prospective applicants would not have suffered an actual or imminent injury from Amazon's decision to give grants to some DSP *owners* but not others, because such individuals have little likelihood of ever becoming a DSP owner—or even

---

[6] As Amazon's Motion to Dismiss explains, the application process and requirements are detailed in FAQs on Amazon's website, which are incorporated into Plaintiff's Complaint and thus are subject to judicial notice.  *See* MTD at 5–11 & n.3.

meaningfully competing for the position—for reasons unrelated to the challenged policy. Likewise, such putative class members would not be able to prove the causation element of a Section 1981 claim, much less demonstrate an entitlement to damages for the requested Rule 23(b)(3) class. *See, e.g.*, *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403–04 & n.9 (1977) (applicants who lack qualifications to be hired suffer no injury as a result of discriminatory hiring practices); *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989) ("merely alleg[ing] *possible* loss of *future* opportunities" to enter into a contract is not enough to show injury (emphasis in original)); *Smart v. Int'l Bhd. of Elec. Workers, Loc. 702*, 315 F.3d 721, 726 (7th Cir. 2002) (rejecting Section 1981 claim when plaintiff "point[ed] to no contract that he bid on and failed to obtain because of racial animus").

Accordingly, it is already clear that individualized issues will predominate as to the Rule 23(b)(3) class. It is not enough merely to *allege* <u>via a class definition</u> that putative class members are "able and ready to apply," because Rule 23 is not a pleading standard. *See Wal-Mart*, 564 U.S. at 350. Instead, putative class members would need to *prove* that they are in fact able and ready to compete for selection into the DSP program (again, assuming arguendo Plaintiff's theory of standing), that their contract interest is non-speculative, and that discrimination is a but-for cause of their inability to obtain a stipend. *See id.* at 350–51. Because those inquiries are inherently individualized and not susceptible to common proof, there is no possibility that the Rule 23(b)(3) class could be certified. *See id.* at 367 (explaining that "a class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims"); *see also Comcast Corp.*, 569 U.S. at 34–38 (explaining the "demanding" nature of Rule 23(b)(3)'s predominance requirement and reversing class certification where plaintiffs sought recovery untethered to challenged conduct); *Pilgrim*, 660 F.3d at 946–49 (affirming grant of motion to strike

based on predominance of individualized issues and noting that "the plaintiffs suffered distinct injuries" and "would need to make particularized showings"); *Markey*, 2008 WL 5427708, at *4 (striking Rule 23(b)(3) class allegations where there were "highly individualized, case-by-case determinations" necessary); *cf. Donelson v. Ameriprise Fin. Servs., Inc.,* 999 F.3d 1080, 1093 (8th Cir. 2021) (concluding that even a Rule 23(b)(2) class should have been stricken because of the "individualized determinations . . . in deciding whether the class members' claims have merit"), *cert. denied*, 142 S. Ct. 2675 (May 2, 2022).

For similar reasons, the Rule 23(b)(2) class is also inherently defective. "Rule 23(b)(2) applies only when a single injunction or declaratory judgment *would provide relief to each member of the class*." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 846 (5th Cir. 2012) (quoting *Wal-Mart*, 564 U.S. at 360) (emphasis added)). To the extent prospective applicants do not actually meet the program requirements, have not meaningfully started the application process, or are otherwise unable to show a non-speculative ability to become a DSP, they are not and have never been in a position to be affected by the diversity grant and would not benefit from injunctive relief.[7]

## IV.   CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Amazon respectfully requests that the Court strike Plaintiff's class allegations from the Complaint, *see* SAC ¶¶ 45–52, and require that this case proceed, if at all, only on an individual basis. Alternatively, Amazon respectfully requests that this Court—at a minimum—strike the portion of Plaintiff's Complaint that seeks to bring a Rule 23(b)(3) class. Amazon further respectfully requests any other relief to which it is justly entitled.

---

[7] Again, for the reasons set forth in the Motion to Dismiss and elsewhere, the Court should find that mere ***applicants*** to the DSP program lack standing because they categorically are unaffected by a program applicable only to DSP owners. *See* MTD at § I.B. But even if there were some situation in which an applicant could claim injury, litigating who in fact is "able and ready to apply"—as that concept is defined by case law—cannot be done on a classwide basis through common proof.

Dated: March 24, 2023

Respectfully Submitted,

/s/ Angela C. Zambrano
Angela C. Zambrano, *Lead Attorney*
Texas Bar No. 24003157
angela.zambrano@sidley.com
Margaret Hope Allen
Texas Bar No. 24045397
margaret.allen@sidley.com
Natali Wyson
Texas Bar No. 24088689
nwyson@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:   (214) 981-3400


David R. Carpenter
(*pro hac vice forthcoming*)
drcarpenter@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:   (213) 896-6600

/s/ Deron R. Dacus
Deron R. Dacus
Texas Bar No. 00790553
ddacus@dacusfirm.com
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone/Fax: (903) 705-1117

*Attorneys for Defendant Amazon.com, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, I electronically filed the above Motion to Strike Class Allegations with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Natali Wyson*
Natali Wyson

## <u>CERTIFICATE OF CONFERENCE</u>

Beginning on November 8, 2022, the Parties began conferring on multiple occasions by email and phone regarding the substance of this Motion as it related to Plaintiff's First Amended Class-Action Complaint.  Though certain of the issues previously discussed were resolved by Plaintiff's Second Amended Class-Action Complaint, the issues contained in this Motion have remained and counsel for Plaintiff confirmed during a conferral on March 9, 2023 that Plaintiff intended to stand on the class allegations as currently set forth in her Second Amended Class-Action Complaint.  The participants on the March 9 conferral included counsel for both Parties, specifically: Natali Wyson, Margaret Allen, Angela Zambrano, and David Carpenter on behalf of Defendant Amazon.com, Inc., and Jonathan Mitchell and Gene Hamilton on behalf of Plaintiff Crystal Bolduc.  The Parties could not reach an agreement as to the issues set forth in this Motion due to differing views regarding the requirements of Federal Rule of Civil Procedure 23; the issues in this Motion are those over which the Parties have conclusively reached an impasse and are ripe for this Court's determination.  Counsel has complied with the meet and confer requirement in Local Rule CV-7(h).  The Motion is opposed.

*/s/ Natali Wyson*
Natali Wyson