UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**Crystal Bolduc**,

    Plaintiff,

v.

**Amazon.com Inc.**,

    Defendant.

Case No. 4:22-cv-615-ALM

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE CLASS-ACTION ALLEGATIONS**

The rules of civil procedure allow a court to strike "redundant, immaterial, impertinent, or scandalous matter" from a complaint. Fed. R. Civ. P. 12(f). Nothing in Ms. Bolduc's complaint satisfies this standard, and Amazon does not argue otherwise. What's more, the rules of notice pleading do not require a class-action plaintiff to demonstrate the propriety of class certification in a complaint. Neither the federal rules of civil procedure nor the local rules of this court require Ms. Bolduc to say *anything* about Rule 23 in her pleadings. The time to litigate the propriety of class certification is when the class representative moves for certification under Rule 23(c), not in a "motion to strike" that carps about the supposed inadequacies of class-related allegations that aren't even required to appear in the complaint.

There is nothing in the precedent of the Supreme Court or the Fifth Circuit that authorizes a district court to "strike" class allegations or prohibit a litigant from seeking class certification because the complaint failed to sufficiently allege the propriety of class. Amazon claims the Supreme Court endorsed this tactic in *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147 (1982),[1] but there is nothing in *Falcon* that

---

1.   *See* Mot. to Strike, ECF No. 24, at 4.

even remotely suggests that a district court can ban a litigant from moving for class certification because of deficiencies in the pleadings, or that a district court can prematurely resolve the class-certification issues in response to a "motion to strike." Nor does Amazon have any Fifth Circuit authority supporting this maneuver. The only relevant case that Amazon cites in *John v. National Security Fire & Casualty Co.*, 501 F.3d 443 (5th Cir. 2007), but *John* does not authorize "motions to strike" class allegations or authorize courts to entertain them. *John* holds only that district courts "may" (not must) "dismiss . . . class allegation[s] on the pleadings" when "it is facially apparent from the pleadings that there is no ascertainable class." *Id*. at 445. But a litigant is not even bound by the class definitions that appear in her pleadings, and Ms. Bolduc is entitled to propose a different class when she moves for certification and support the ascertainability of that class with argument and evidence. She is not required to prove ascertainability to the court's satisfaction at the pleading stage, nor is she required to beat back a "motion to strike" that faults the tentative class definition that she has offered in her complaint.

Amazon is also wrong to insist that class-action plaintiffs must plead facts demonstrating how their proposed class will satisfy each requirement of Rule 23. The rules of civil procedure establish a regime of notice pleading, not fact pleading or code pleading, and a class representative needs only to plead sufficient material to place the opposing litigant on notice that classwide relief will be pursued. There is no need to explain how the proposed class will satisfy the numerosity, commonality, or ascertainability requirements. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) ("'The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief.'" (quoting 5 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1219, p. 277–78 (3d ed. 2004)). That other courts occasionally lose sight of this and impose unnecessary pleading requirements does not justify this Court's following their example.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations" (citation and internal quotation marks omitted)).[2]

The time to litigate the class-certification issues is when Ms. Bolduc moves for certification under Rule 23, not in response to a "motion to strike." *See Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726–28 (7th Cir. 2006) (Easterbrook, J.) (criticizing misuse of "motions to strike"). The Court should deny the defendant's motion out of hand.

## CONCLUSION

The motion to strike class-action allegations should be denied.

Respectfully submitted.

| | |
|---|---|
| Adam K. Mortara* | /s/ Jonathan F. Mitchell |
| Illinois Bar No. 6282005 | Jonathan F. Mitchell |
| Lawfair LLC | *Lead Attorney* |
| 125 South Wacker Drive, Suite 300 | Texas Bar No. 24075463 |
| Chicago, Illinois 60606 | Mitchell Law PLLC |
| (773) 750-7154 | 111 Congress Avenue, Suite 400 |
| adam@mortaralaw.com | Austin, Texas 78701 |
| | (512) 686-3940 (phone) |
| | (512) 686-3941 (fax) |
| Gene P. Hamilton* | jonathan@mitchell.law |
| Virginia Bar No. 80434 | |
| Vice-President and General Counsel | |
| America First Legal Foundation | |
| 300 Independence Avenue SE | |
| Washington, DC 20003 | |
| (202) 964-3721 | |
| gene.hamilton@aflegal.org | |

\* admitted *pro hac vice*

---

2. The Sixth Circuit's opinion in *In re American Medical Systems Inc.*, 75 F.3d 1069 (6th Cir. 1996), for example, errs by insisting on a fact-pleading regime for class-action allegations. *See id*. at 1079 ("There must be an adequate statement of the basic facts to indicate that each requirement of [Rule 23] is fulfilled.").

Dated: April 26, 2023                    *Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on April 26, 2023, I served this document through CM/ECF upon:

Angela C. Zambrano
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3405 (phone)
angela.zambrano@sidley.com

Deron R. Dacus
Texas Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)
ddacus@dacusfirm.com

*Counsel for Defendant*

         /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiff*