# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| CRYSTAL BOLDUC,<br><br>          Plaintiff,<br><br>vs.<br><br>AMAZON.COM INC.,<br><br>          Defendant. | Civil Action No. 4:22-cv-615-ALM |

## DEFENDANT AMAZON.COM, INC.'S REPLY BRIEF
## IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE**

Plaintiff does not attempt to defend the substance of her paltry class allegations in her three-page Response.  *See generally* Plaintiff's Response to Defendant's Motion to Strike Class-Action Allegations, Dkt. 28 ("Resp.").  Instead, she simply urges that this is not the right time to decide the class issues.  She is mistaken.

The Fifth Circuit has already squarely rejected Plaintiff's argument that Amazon's motion to strike is not procedurally proper.  *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).  As the court explained, when the problems with class certification are "facially apparent from the pleadings . . . , a district court may dismiss the class allegation on the pleadings."  *Id.* at 445 & n.4.  And there are a bevy of problems inherent in Plaintiff's class allegations that require dismissal here: her class definition is not ascertainable; there is no discernible connection between her allegations of discrimination and her class definition; and individualized inquiries are apparent on the face of the pleadings.  The motion should be granted.

## I.   ARGUMENTS AND AUTHORITIES

**A.   Rule 23 Authorizes Courts to Analyze Class Issues on the Pleadings Alone.**

Rule 23 leaves no room for doubt: "At an ***early practicable time*** after a person sues or is sued as a class representative, the court ***must*** determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A) (emphasis added).  And if the court determines that the action cannot be certified, it may "***require that the pleadings be amended*** to eliminate allegations about representation of absent persons."  *Id.* R. 23(d)(1)(D) (emphasis added).  Pointing to these provisions, courts have held that Rule 23 authorizes a motion to strike class allegations.[1]  After all,

---

[1] *See, e.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (relying on Rule 23(c)(1)(A) to reject argument that district court cannot decide class issues on motion to strike); *Gordon v. Sig Sauer, Inc.*, No. CV H-19-585, 2019 WL 4572799, at *19, *22 (S.D. Tex. Sept. 20, 2019) (relying on Rule 23(d)(1)(D) to strike class allegations).  Plaintiff appears to argue that Rule 12(f), which allows a court to strike "any redundant, immaterial, impertinent, or scandalous matter," is the only potential source for Defendant's motion to strike.

"nothing in Rule 23(c) indicates that the court must await a motion by the plaintiffs." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021), *cert. denied*, 212 L. Ed. 2d 762 (May 2, 2022).

Plaintiff, however, suggests that "[t]he time to litigate the propriety of class certification is when the class representative moves for certification under Rule 23(c), not in a 'motion to strike.'" Resp. 1. Tellingly, the only case Plaintiff cites for this sweeping proposition is a nonbinding decision that considered whether the federal rules of *appellate* procedure authorize a motion to strike portions of an opponent's *appellate brief*. *See Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725 (7th Cir. 2006); Resp. 3. The Fifth Circuit, meanwhile, has already rejected Plaintiff's argument, concluding that it is "incorrect" to "argue" that "dismissal of a class allegation on the pleadings is never proper." *John*, 501 F.3d at 445.

Plaintiff has no answer to this black-letter law. Instead, she attempts to discard *John* by pointing out that it said a district court "'*may*' (not *must*) 'dismiss . . . class allegation[s] on the pleadings.'" Resp. 2 (emphasis added) (quoting *John*). True, but that proves exactly the opposite of what Plaintiff sets out to show, which is that district courts somehow have *zero* discretion to decide class certification issues based on the pleadings alone. Plaintiff also asserts that "*John* does not authorize 'motions to strike' class allegations or authorize courts to entertain them." Resp. 2. That the court did not use the term "motion to strike" is of no moment. The underlying motion in *John* was styled as a "Motion to Dismiss Plaintiffs' Complaint and/or to Strike Class Allegations." *See John v. Nat'l Sec. Fire & Cas. Co.*, No. 2:06-cv-01407, ECF No. 9 (Aug. 24, 2006). The district court entered a judgment granting "the motion to dismiss the class allegations." *John v.*

---

Resp. 1. But as previously explained, the prevailing view is that the motion arises under Rule 23 itself or perhaps Rule 12(b)(6). *See* Defendant Amazon.com, Inc.'s Motion to Strike Class Allegations ("Mot."), Dkt. 24, at 4 n.1.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE**                                                    Page 2

*Nat'l Sec. Fire & Cas. Co.*, No. 2:06-cv-01407, 2006 WL 3228409, at *4 (W.D. La. Nov. 3, 2006). And then the Fifth Circuit affirmed, applying a Rule 12(b)(6) standard. *John*, 501 F.3d at 445. The fact that the Fifth Circuit, like the district court, referred to "dismissing" the class allegations (as opposed to *striking* them) makes no difference; these are functionally the same concept. *Id.*

For these reasons, Plaintiff cannot credibly suggest that there is no "Fifth Circuit authority supporting" a motion to strike class allegations. Resp. 2. In reality, even setting *John* aside, courts within the Fifth Circuit and across the country have granted motions to strike when the issues with class certification are plain from the pleadings. *See, e.g.*, *Lee v. Samsung Elecs. Am., Inc.*, No. 4:21-CV-1321, 2022 WL 4663878, at *2, *10 (S.D. Tex. Sept. 21, 2022), *report and recommendation adopted*, 2022 WL 7757471 (S.D. Tex. Oct. 12, 2022); *Gordon*, 2019 WL 4572799, at *19, *22; *Reedy v. Phillips 66 Co.*, No. CV H-17-2914, 2018 WL 1413087, at *10–15 (S.D. Tex. Mar. 20, 2018); *Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1042–53 (S.D. Tex. 2016); *Markey v. La. Citizens Fair Plan*, No. CIV. A. 06-5473, 2008 WL 5427708, at *1, *5 (E.D. La. Dec. 30, 2008); *see also Donelson*, 999 F.3d at 1091–94; *Pilgrim*, 660 F.3d at 949–50; *Cnty. of Dorchester v. AT&T Corp.*, 407 F. Supp. 3d 561, 568–69 (D.S.C. 2019); *Wexler v. AT&T Corp.*, 323 F.R.D. 128, 129 (E.D.N.Y. 2018). The Court should do so here too.

Plaintiff also finds it significant that she might *later* "propose a different class when she moves for certification." Resp. 2. She cites no authority, however, that suggests that she has no obligation to plead an ascertainable class in her complaint. And once again, the Fifth Circuit has said the opposite: ascertainability "is an implied prerequisite of" Rule 23, and a complaint must contain "an adequate statement of the basic facts to indicate that each requirement of [Rule 23] is fulfilled." *John*, 501 F.3d at 445 & n.4 (quoting *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1079 (6th

Cir. 1996)).[2] Were Plaintiff's argument correct, then a motion to strike could never succeed, simply because of speculation that the plaintiff might later cobble together a better class definition. The myriad cases that grant motions to strike prove otherwise.

**B.  It Is Plain from the Face of the Pleadings That No Class Can Be Certified, and Plaintiff Has Waived Any Argument to the Contrary.**

As Amazon's motion explained, Plaintiff's class allegations are substantively deficient in numerous ways, such as lack of ascertainability and the presence of myriad individualized issues. *See* Mot. 4–10. Plaintiff, however, responds to none of these arguments. Nowhere does she offer any meaningful defense of her class allegations, instead confining her terse brief to the erroneous theory that the federal rules do not permit defendants to file motions to strike class allegations. Under these circumstances, once the Court correctly rejects Plaintiff's theory, it should conclude that she has waived any argument that her class allegations satisfy the Rule 23 standards. *See, e.g.*, *Howard v. Maxum Indem. Co.*, 715 F. App'x 372, 374 (5th Cir. 2017) (unpublished) (holding that party waived argument "by failing to dispute" it "in his opposition to the motion to dismiss"); *Garcia v. BRK Brands, Inc.*, 266 F. Supp. 2d 566, 578 n.17 (S.D. Tex. 2003) ("Plaintiffs waived any objection to this argument by failing to address it in their briefs opposing summary judgment.").

Moreover, her Response to Amazon's Motion to Dismiss her individual claims further confirms that even if she could establish standing for her individual claims (and she cannot), the

---

[2] Plaintiff thus falsely argues that "[n]either the federal rules of civil procedure nor the local rules of this court require Ms. Bolduc to say *anything* about Rule 23 in her pleadings" or to "plead facts demonstrating how [her] proposed class will satisfy each requirement of Rule 23." Resp. 1–2 (emphasis in original). *See John*, 501 F.3d at 445 n.4; *see also Dallas Cnty. v. MERSCORP, Inc.*, No. 3:11-CV-02733-O, 2012 WL 6208385, at *4 (N.D. Tex. Dec. 13, 2012) ("A court may strike class allegations under [Rule 23(d)(1)(D)] where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate." (internal quotation marks omitted)).

class allegations are inherently defective. *See* Dkt. 27. For example, her theory of standing is premised on her personal ability but unwillingness to apply for the DSP program (*id.* at 4–5)—an inherently subjective theory that does not lend itself to an ascertainable class and would require individualized inquiries. *See* Mot. 5–7, 9–10. As another example, Plaintiff concedes that she has not actually been denied any contractual benefit, yet (erroneously) argues that she nonetheless can seek declaratory relief (Dkt. 27, at 2–3, 9–10), but her arguments effectively concede that under no circumstances could she maintain a Rule 23(b)(3) class for damages. Because the deficiencies in the class allegations are plain from the face of the complaint and incurable, and because Plaintiff has made no attempt to defend her class allegations, the Court should strike the class action allegations without leave to amend.

## II. CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Amazon respectfully requests that the Court grant its motion to strike class allegations.

Dated: May 15, 2023

Respectfully Submitted,

/s/ Angela C. Zambrano
Angela C. Zambrano, *Lead Attorney*
Texas Bar No. 24003157
angela.zambrano@sidley.com
Margaret Hope Allen
Texas Bar No. 24045397
margaret.allen@sidley.com
Natali Wyson
Texas Bar No. 24088689
nwyson@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:   (214) 981-3400

David R. Carpenter (*pro hac vice*)
drcarpenter@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:   (213) 896-6600

/s/ Deron R. Dacus
Deron R. Dacus
Texas Bar No. 00790553
ddacus@dacusfirm.com
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone/Fax: (903) 705-1117

*Attorneys for Defendant Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 15, 2023, I electronically filed the above Reply Brief in Support of Motion to Strike Class Allegations with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                        */s/ Natali Wyson*
                                        Natali Wyson